NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERONIQUE M. LAFONT, | No. 20-35019 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02072-SB |
| v. | |
| FEDERAL EXPRESS CORPORATION, DBA FedEx, a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted March 2, 2021**
Portland, Oregon

Before: PAEZ and WATFORD, Circuit Judges, and TUNHEIM,*** District Judge.

Plaintiff Veronique LaFont appeals the district court's grant of summary

judgment to Defendant Federal Express Corporation ("FedEx") on her breach of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

implied contract claim. LaFont alleged that FedEx created an implied-in-fact contract modifying the terms of her at-will employment by providing her with a brochure describing the company's Workplace Violence Prevention Program ("WVPP"), and then breached that contract by failing to properly investigate her reports of violence in the workplace. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we affirm.

"Oregon subscribes to the objective theory of contract interpretation, which requires a court to look not at the parties' subjective understandings, but at their communications and overt acts." *Koepping v. Tri-Cty. Metro. Transp. Dist. of Or.*, 120 F.3d 998, 1002 (9th Cir. 1997). Applying that rule, we reject each of LaFont's two assignments of error.

First, LaFont contends that FedEx's express disclaimers that its workplace and personnel policies are not contractual were limited in scope to the Employee Handbook and People Manual and did not apply to the WVPP brochure. Thus, LaFont argues that whether the WVPP brochure created a contractual relationship between LaFont and FedEx is a material triable issue of fact.

The record evidence, however, does not support LaFont's view. The record confirms that the disclaimers provided by FedEx to LaFont explained that the employment relationship was at-will, that the employment contract was defined exclusively by the "Employment Agreement," that none of FedEx's policies

constituted contractual obligations, and that only certain named parties could contractually obligate the company through signed writings. It is undisputed that the WVPP brochure was not included in the Employment Agreement and was an unsigned description of personnel policy. The record also confirms that the WVPP could not be considered a new policy separate from the non-contractual personnel policies described in the Employee Handbook or People Manual because the language in the WVPP brochure mirrors that of the descriptions of workplace violence procedures in the Handbook and Manual, and the WVPP predated LaFont's employment by at least two years.

Second, LaFont argues that the district court erred as a matter of law by failing to acknowledge cases in which Oregon courts recognized that an employee's acceptance of workplace policies through continued employment as constituting a valid contract or modification to an existing employment agreement. In particular, she argues this case is controlled by *Yartzoff v. Democrat-Herald Publ'g Co.*, 576 P.2d 356 (Or. 1978).

LaFont's argument, however, overlooks a critical fact that distinguishes the situation here from *Yartzoff*: the existence of an unambiguous contractual disclaimer. The Oregon Supreme Court's holding in *Yartzoff* turned on the fact that the summary judgment record contained disputed evidence about what the plaintiff was informed with respect to the contractual terms of her employment. *Id*. at 358-

3

59. The *Yartzoff* record contained competing affidavits about the terms of the employment contract and no evidence of a written and signed disclaimer of contractual rights by the defendant. In contrast, here, it is undisputed that FedEx informed LaFont—and LaFont acknowledged in writing and at her deposition—that the only contractual terms of her employment were those found in her employment agreement.

Unlike the situation in *Yartzoff*, where the parties' respective intents and actions in forming an employment relationship were in dispute, here, the FedEx Employee Handbook and People Manual expressly disclaimed the creation of any legal rights or obligations pursuant to policies contained therein and stated that any enforceable agreement or modification to the terms of LaFont's employment required a signed writing by an authorized company representative. *Yartzoff* is not applicable and does not control here.

**AFFIRMED.**